IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| BILLY CHARLES AARON, <br> ADC #110649 <br>             Plaintiff, <br> v. <br> <br> GRANT HARRIS, Assistant Director, <br> Arkansas Department of Correction; et al., <br> <br>             Defendants. | * <br> * <br> * <br> * <br> *   No. 5:12-cv-00076-SWW-JJV <br> * <br> * <br> * <br> * |

**ORDER**

Mr. Aaron filed a *pro se* Complaint (Doc. No. 4) pursuant to 42 U.S.C. § 1983, and an Application to Proceed Without Prepayment of Fees and Affidavit (Application). (Doc. No. 1). Although Plaintiff makes the showing required by 28 U.S.C. § 1915(a), his Application must be DENIED.

The Prison Litigation Reform Act of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Section 1915(g) specifically provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (West 2010).

Plaintiff is a three-striker under the Prison Litigation Reform Act. He has filed at least three lawsuits that were dismissed for failure to state a claim upon which relief may be granted.[1]

---

[1] *See Aaron v. State of Arkansas*, 5:04cv00199BRW; *Aaron v. Harris*, 5:06cv00312BRW; *Aaron v. Harris*, 5:09cv00118BSM.

Plaintiff may still proceed *in forma pauperis* if he is under imminent danger of serious physical injury. The United States Court of Appeals for the Eighth Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

In his Complaint, Plaintiff describes two instances that, he believes, place him in imminent danger of serious physical injury.[2] Plaintiff states that on March 18, 2011, he was prescribed a radioactive pill to treat a thyroid condition. (Doc. No. 4). In conjunction with this prescription, his treating physician instructed Plaintiff to shower twice a day and to eat from a special tray. (*Id.*) Plaintiff believes he is in imminent danger of serious physical injury because the physician's suggestions were ignored. (*Id.*)

In the second instance, Plaintiff states that for two years he was prescribed 50 mg of "Prophylthiovacil." (*Id.*) During this time, he complained about pain in his stomach, neck, and muscles that was a side-effect of the medication. (*Id.*) Plaintiff states he should not have been prescribed the medication. (*Id.*) He also states that while taking the medication he kept indicating that something was wrong with the medication. (Doc. No. 4). According to his Complaint, on June 26, 2011, although no longer taking the medication, he indicated to a physician that he continued to experience the side-effects of the medication. (*Id.*)

Plaintiff fails to make specific allegations of misconduct against any of the named

---

[2]The Court notes that in *Aaron v. Ark. Dep't of Corr.*, 5:12cv00034SWW, Plaintiff used these same instances in an attempt to meet the imminent danger exception.

Defendants in either instance.  The Court finds that neither instance evidences a likelihood of an imminent serious injury and that Plaintiff is not entitled to invoke imminent danger exception to the three strikes rule.

IT IS, THEREFORE, ORDERED THAT:

1. Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 1) is DENIED.

2. Plaintiff's Complaint (Doc. No. 4) is DISMISSED WITHOUT PREJUDICE pursuant to the three-strikes rule set forth in 28 U.S.C. § 1915(g).

3. If Plaintiff wishes to continue this case, he must submit within thirty (30) days of the entry of this Order:  (a) the statutory filing fee of $350, in full, to the Clerk, noting the case style and number; and (b) file a motion to reopen the case.

4. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of March, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE